IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOEY PINDER                         *

        Plaintiff           *

        vs.                 *    CIVIL ACTION NO. MJG-13-3139

CORINTHIAN COLLEGES, INC.           *

        Defendant           *

*    *    *    *    *    *    *    *    *

MEMORANDUM AND ORDER

The Court has before it The School's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support Thereof [Document 15] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Defendant seeks dismissal because it claims that Plaintiff has failed to plead "the specific time and date of each" alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").  See [Document 15] at 2.

In the context of the instant case, the matter requires little discussion.

Plaintiff has alleged that, beginning in or around August 2013, Defendant:

- Used an automatic telephone dialing system to
- Call Plaintiff's cellular telephone,
- Without Plaintiff's consent.

These alleged facts are sufficient to present a plausible claim under the TCPA.  See, e.g., Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); Asher & Simmons v., P.A. v. j2 Global Can., Inc., Civ. No. JKB-13-098, 213 WL 4735702, at *5 (D. Md. Aug. 28, 2013).  This Court does not find persuasive the unpublished decision in Abbas v. Selling Source, LLC. No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009).  Having pleaded a plausible claim with regard to a TCPA violation, Plaintiff may proceed and is not going to be required – at the beginning of the case – to specify the details of all alleged violations.

For the foregoing reasons:

1. The School's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support Thereof [Document 15] is DENIED.

2. Defendant shall file its Answer by March 21, 2014.


SO ORDERED, on <u>Monday, February 24, 2014</u>.


<u>          /s/          </u>
Marvin J. Garbis
United States District Judge
